IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-43238 |
| | ) | |
| VALERIE COPLEN, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | Filing No. 16, 21 |

### ORDER

Hearing was held in Lincoln, Nebraska, on June 29, 2005, regarding Filing No. 16, Chapter 13 Plan, filed by the debtor, and Filing #21, Objection, filed by Tim Coplen. Philip Kelly appeared for the debtor and James Carney appeared for Tim Coplen.

Debtor and her former husband, the objector, have been divorced for some time. At the time of the divorce, the court approved a settlement stipulation with regard to property division and responsibility for various liabilities. Mr. Coplen was given the residence, subject to the mortgage, and was made responsible for two credit card debts totaling approximately $20,000.

The parties apparently also had a credit card with U.S. Bank which at the time of the decree had no balance outstanding. Therefore, it was not dealt with in the dissolution of marriage action.

Since the dissolution of marriage, the debtor has used the U.S. Bank credit card and incurred approximately $13,000 in debt. She filed a Chapter 7 case and the U.S. Bank credit card division contacted Mr. Coplen about paying the full balance. He did not pay it, but filed a complaint to determine the dischargeability of the debt. Shortly after such complaint was filed, the debtor converted the case to Chapter 13. Under the Chapter 13 plan, U.S. Bank may receive some distribution, but probably not payment in full.

Mr. Coplen objects to the plan because it puts him at financial risk. Although he had nothing to do with incurring the debt, U.S. Bank apparently is asserting that he must pay it. He therefore suggests that the plan is not filed in good faith because it does not protect him from defending a lawsuit or paying a judgment that may be entered.

In response to the objection, the debtor filed an affidavit in which she explained that she could not get credit after the decree of dissolution because Mr. Coplen would not refinance the house or refinance the credit cards for which he was assigned responsibility in the dissolution decree. As a result of his inability or unwillingness to refinance those items, the parties to whom the debtor applied for credit refused her credit. She was still listed on the mortgage and as a joint debtor on the credit cards that Mr. Coplen is responsible for.

I find that the debtor has filed this case and this plan in good faith. She attempted to obtain new credit to deal with her living expenses. She attempted to get Mr. Coplen to refinance his debt so that she could get credit. There is nothing in the decree that prohibits her from using the U.S. Bank credit card and there is no evidence that she used it with the intention of running up debt and then filing bankruptcy, causing Mr. Coplen to be responsible for the debt.

      Finally, it is not clear that Mr. Coplen is actually liable for the debt.  She incurred this debt in her own name post-dissolution of marriage.  There is no evidence before this court that the credit card contract makes a person who had a credit card jointly with another actually responsible for the payment of the other's debts.

      The objection to the plan is denied.  The plan may be confirmed.

SO ORDERED.

DATED this 30th day of June, 2005.

                                        BY THE COURT:

                                      /s/ Timothy J. Mahoney
                                      Chief Judge

Notice given by the Court to:
    *Philip Kelly
    James Carney
    Kathleen Laughlin
    U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.